UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

J.R. AND D.M.R., INDIVIDUALLY
AND ON BEHALF OF J.R., A
STUDENT WITH A DISABILITY,

        Plaintiffs,

    v.

THE BOARD OF EDUCATION FOR
THE IROQUOIS CENTRAL SCHOOL
DISTRICT,

        Defendant.

---

18-CV-859 (JLS)

## DECISION AND ORDER

Plaintiffs J.R. and D.M.R. (the "Parents") commenced this action against the Board of Education for the Iroquois Central School District ("the District") on August 3, 2018, seeking reimbursement for tuition and expenses paid to the Gow School ("Gow") for their learning disabled daughter, J.R. ("the Student"), during the 2015-2016 and 2016-2017 school years. Dkt. 1. On October 5, 2018, this Court[1] referred the case to United States Magistrate Judge H. Kenneth Schroeder Jr. for all pre-trial proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Dkt. 9. Presently before the Court is Judge Schroeder's Report and Recommendation ("R&R"), Dkt. 30, addressing the parties' cross-motions for Summary Judgment. Dkts. 20, 22.

---

[1] Judge Lawrence J. Vilardo, who was previously assigned to this case, issued the dispositive referral order. Dkt. 9. On January 6, 2020, this case was reassigned to the undersigned. Dkt. 29.

For the reasons discussed below, the Court accepts Judge Schroeder's recommendations. Dkt. 30. The District's Motion for Summary Judgment is granted, and the Parents' Cross-Motion for Summary Judgment is denied.

## BACKGROUND

The Court assumes the parties' familiarity with the details of this case, outlined in Judge Schroeder's R&R, and will provide only a brief summary of the relevant background.

The Student attended school in the District from preschool until January 2016, when she began attending Gow. Dkt. 20-1, ¶ 10; Dkt. 22, ¶ 7. At all relevant times, the Student suffered from dyslexia, which caused "difficulties with timed tasks especially in reading fluency." Dkt. 20-1, ¶ 11; Dkt. 22, ¶ 7. While attending the District, the Student received the general education curriculum in conjunction with a range of support services and accommodations, including assistive technology and extended time for academic tasks. *See e.g.,* Dkt. 20-1, ¶¶ 12-17; Dkt. 22, ¶¶ 8-12. These services and accommodations were provided pursuant to the Student's Individualized Education Program ("IEP") or Section 504 Accommodation Plan ("504 Plan"), depending on the relevant time period. *Id.*

In May 2015, the District determined that the Student no longer needed special education services and, with her Parents' agreement, declassified the Student for the 2015-2016 school year. Dkt. 20-1, ¶ 7, 30; Dkt. 22, ¶ 36. The Student was formally declassified, and her new 504 Plan implemented, as of June 11, 2015. Dkt. 22, ¶ 37. Although the Student continued to perform well in school,

the Parents report that her anxiety levels increased. Dkt. 20-1, ¶ 7; Dkt. 22, ¶ 42. In October 2015, the Parents began to consider placement of the Student at Gow. Dkt. 22, ¶ 44. On December 1, 2015, an evaluation by Dr. Mari Jo Renick of Gow found that the Student's reading skills remained delayed. Dkt. 22, ¶ 45.

In the wake of Dr. Renick's evaluation, the Parents unilaterally placed the Student at Gow for the remainder of the 2015-2016 school year at the cost of $24,760. Dkt. 22, ¶ 47. Prior to the start of the 2017-2018 school year, the Parents notified the District of their intention to continue the Student at Gow for the following year. *Id.* The Student then attended Gow for the 2017-2018 year at a cost of $44,000. *Id.* The District denied the Parents' reimbursement requests for both academic years. *Id.*

On November 18, 2016, the Parents requested a due process hearing, seeking compensatory services and reimbursement for the Student's tuition at Gow. Dkt. 20-1, ¶ 48. New York State Certified Impartial Hearing Officer Lynn Botwinik Almeleh, Esq. (the "IHO") issued a decision in favor of the Parents, granting the Parents' request for tuition reimbursement, but reduced the reimbursement award by 20% for equitable factors. Dkt. 20-1, ¶ 52. The IHO also found that the Student was owed compensatory services. *Id.* The District appealed the IHO's decision to New York's Office of State Review, and the Parents' cross appealed seeking full tuition reimbursement. Dkt. 20-1, ¶ 53. State Review Officer Steven Krolak (the "SRO") reversed the IHO's decision, granted the District's appeal in its entirety, and dismissed the Parents' cross-appeal. Dkt. 20-1, ¶ 54.

The Parents filed this action on August 3, 2020, seeking judgment that the District failed to provide the Student with a free appropriate public education ("FAPE") in violation of IDEA, tuition reimbursement, costs, and attorney's fees. Dkt. 1. The District filed a motion for summary judgment on June 4, 2019. Dkt. 20. The Parents cross-moved for summary judgment on July 26, 2019. Dkt. 22.

On November 24, 2020, Judge Schroeder issued an R&R recommending that this Court grant summary judgment to the District and deny summary judgment to the Parents. Dkt. 30. Specifically, Judge Schroeder recommended deference to the SRO's decision against tuition reimbursement for the Parents and identified an alternative basis for denying the Parents' IDEA claim. *Id.* at 37, 39. Judge Schroeder's R&R also noted that the Parents appeared to abandon their cause of action under Section 504 of the Rehabilitation Act. *Id.* at 39.

The Parents filed objections to the R&R on January 14, 2021. Dkt. 35. Defendants responded on February 19, 2021. Dkt. 38. The Parents filed reply papers on March 26, 2021. Dkt. 43

## DISCUSSION

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). A district court must conduct a *de novo* review of those portions of a magistrate judge's recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

This Court has carefully reviewed the R&R, the objections and responses, and the relevant record in this case. Based on that *de novo* review, the Court accepts Judge Schroeder's recommendation to grant the District's Motion for Summary Judgment and deny the Parents' Cross-Motion.

## CONCLUSION

For the reasons stated above and in the R&R, the District's motion for summary judgment (Dkt. 20) is GRANTED, and the Parents' cross-motion (Dkt. 22) is DENIED. The Clerk is directed to close the file.

SO ORDERED.

Dated:   May 26, 2021
         Buffalo, New York

_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE